**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF WEST VIRGINIA**

**OWENS & MINOR DISTRIBUTION, INC.**

      **Plaintiff,**

**v.**                                         **Civil Action No.  1:23-CV-00109**
                                                         **Chief Judge Kleeh**

**WESTRIDGE COMMERCE CENTRE**
**DEVELOPMENT 2E, LLC,**

      **Defendant.**

**PLAINTIFF'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff, Owens & Minor Distribution, Inc. ("O&M"), by counsel, Michael S. Garrison and Kelly J. Kimble of the law firm of Spilman Thomas & Battle, PLLC, hereby files its Response to the Counterclaim filed by Defendant, WestRidge Commerce Centre Development 2E, LLC ("WestRidge").

    1.      Upon information and belief, O&M admits the allegations contained in Paragraph 1 of the Counterclaim.

    2.      Admit.

    3.      Admit.

    4.      Admit.

    5.      Admit.

    6.      As Paragraph 6 of the Counterclaim purports to describe the content of a written document that speaks for itself, no response is required of O&M.

    7.      As Paragraph 7 of the Counterclaim purports to describe the content of a written document that speaks for itself, no response is required of O&M.

    8.      Deny.

9.      Deny.

10.     Deny.

11.     Deny.

12.     Admit.

13.     Insofar as Paragraph 13 of the Counterclaim purports to describe the content of a written document that speaks for itself, no response is required of O&M. O&M denies the remaining allegations contained in said Paragraph.

14.     In response to Paragraph 14 of the Counterclaim, O&M admits that it entered into discussions with WestRidge for a facility to house its operations. As the remaining allegations contained in said Paragraph purport to describe the content of a written document that speaks for itself, no response is required of O&M.

15.     As Paragraph 15 of the Counterclaim purports to describe the content of a written document that speaks for itself, no response is required of O&M.

16.     As Paragraph 16 of the Counterclaim does not include any allegations relating to O&M, no response is required of O&M.

17.     As Paragraph 17 of the Counterclaim purports to describe the content of a written document that speaks for itself, no response is required of O&M.

18.     Insofar as Paragraph 18 of the Counterclaim purports to describe the content of a written document that speaks for itself, no response is required of O&M. O&M denies the remaining allegations contained in said Paragraph.

19.     As Paragraph 19 of the Counterclaim purports to describe the content of a written document that speaks for itself, no response is required of O&M.

20.     As the allegations contained in Paragraph 20 of the Counterclaim relate to a written document that speaks for itself, no response is required of O&M.

21.     As the allegations contained in Paragraph 21 of the Counterclaim relate to a written document that speaks for itself, no response is required of O&M.

22.     Deny.

23.     Deny.

24.     Deny.

25.     In response to Paragraph 25 of the Counterclaim, O&M admits that WVU Medicine's desired completion date was December 1, 2023.   O&M denies the remaining allegations contained in said Paragraph.

26.     Deny.

27.     In response to Paragraph 27 of the Counterclaim, O&M denies that communication with WestRidge indicated that O&M's real estate department was unaware of a prior request for proposals sent by O&M's sales and operations team. O&M lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said Paragraph.

28.     In response to Paragraph 28 of the Counterclaim, O&M admits that during the relevant time period the decision points described in said Paragraph remained pending. O&M denies the remaining allegations contained in said Paragraph. O&M further affirmatively states that during the time frame referenced in said Paragraph, there was no Lease or contractual agreement in place between O&M and WestRidge.

29.     Deny.

30.     Deny.

31.     Upon information and belief, O&M denies the allegations contained in Paragraph 31 of the Counterclaim.

32.      In response to the allegations contained in Paragraph 32 of the Counterclaim, O&M admits that it entered into an Agreement with WVU as referenced therein but denies the remaining allegations contained in said Paragraph.

33.     Insofar as Paragraph 33 of the Counterclaim purports to describe the content of a written communication, said communication speaks for itself and no response is required of O&M. O&M denies the remaining allegations contained in said Paragraph.

34.     In response to Paragraph 34 of the Counterclaim, O&M admits that communications between O&M and WestRidge were not as numerous during the time period referenced therein as they had been during certain other periods of the parties' relationship. O&M further admits that during the referenced time frame it was considering purchase and lease alternatives and that it ultimately decided upon leasing. O&M denies the remaining allegations contained in Paragraph 34 of the Counterclaim.

35.     Deny.

36.     O&M denies the allegations as characterized in Paragraph 36 of the Counterclaim. Specifically, O&M denies that it ever disengaged from WestRidge prior to the first quarter of 2022 as is implied in said Paragraph. O&M further denies that it received a grant as asserted therein. O&M admits that in the first quarter of 2022, its communications with WestRidge included requests for alternative proposals as described in said Paragraph.

37.     Upon information and belief, O&M denies the allegations contained in Paragraph 37 of the Counterclaim.

38.     Admit.

39.    Deny.

40.    Deny.

41.    Deny.

42.    O&M denies the characterization of events as stated in Paragraph 42 but admits that the parties were hopeful that a building size would soon be agreed upon and that such would be advantageous in allowing the project to move forward.

43.    As Paragraph 43 of the Counterclaim purports to describe the content of a written document that speaks for itself, no response is required of O&M.

44.    O&M admits that two proposals were submitted by WRCCD on March 2, 2022. O&M lacks knowledge and information sufficient to form a basis of the truth of the remaining allegations contained in Paragraph 44 of the Counterclaim.

45.    Deny.

46.    Deny.

47.     In response to Paragraph 47 of the Counterclaim, O&M admits that it inquired about scheduling a ground-breaking. Insofar as the allegations contained in said Paragraph purport to describe a written Lease, said Lease speaks for itself and no Response if required of O&M. O&M denies the remaining allegations contained in said Paragraph.

48.    Deny.

49.    Admit.

50.    Admit.

51.    O&M admits that in the weeks leading up to Lease execution, WestRidge and O&M continued to negotiate language relating to schedules. O&M denies the remaining allegations contained in Paragraph 51 of the Counterclaim.

52.    Deny.

53.    As Paragraph 53 of the Counterclaim purport to describe the content of a written document that speaks for itself, no response is required of O&M.

54.    Deny.

55.    Deny.

56.    Deny.

57.    As Paragraph 57 of the Counterclaim purports to describe the content of a written document that speaks for itself, no response if required of O&M.

58.    Admit.

59.    In response to the allegations contained in Paragraph 59 of the Counterclaim, O&M denies that it instructed O&M to pursue a second opinion and further affirmatively states that it agreed to WestRidge's suggestion to do so after the initial geotechnical firm unilaterally chosen by WestRidge submitted its report/proposal.

60.    Admit.

61.    In response to Paragraph 61 of the Counterclaim, O&M denies that it instructed WestRidge to engage a second geotechnical firm but admits that it agreed to the same after the initial geotechnical firm unilaterally chosen by WestRidge submitted its report/proposal.  O&M is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said Paragraph.

62.    In response to Paragraph 62 of the Counterclaim, O&M admits that it agreed to the performance of site preparation work that was not design-dependent but denies that such agreement was to "keep the project visibly moving forward to appease WVU Medicine".  O&M

6

lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said Paragraph.

63.     O&M lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Counterclaim.

64.     Deny.

65.     Deny.

66.     Deny.

67.     Upon information and belief, O&M denies the allegations contained in Paragraph 67 of the Counterclaim.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Deny.

73.     In Response to Paragraph 73 of the Counterclaim, O&M is without sufficient information to admit or deny the allegations concerning WestRidge's private financing arrangements with unidentified third parties; as such, all related allegations are denied. O&M admits that the construction milestone schedule attached to the Lease and early project schedules showed both sitework and building design occurring at the beginning of the project and that said schedules showed sitework commencing before completion of building design and before completion of procurement of all subcontracts. Any remaining allegations contained in said Paragraph are denied.

74.     Deny.

75. Deny.

76. Deny.

77. In response to the allegations contained in Paragraph 77 of the Counterclaim, O&M admits only that it entered into discussions with WestRidge that were initiated by WestRidge regarding the possibility of a purchase of the property by a third party or a joint venture. O&M denies WestRidge's characterization of those discussions, and denies the remainder of the allegations contained in said Paragraph.

78. Deny.

79. Deny.

80. Deny.

81. In response to the allegations contained in Paragraph 81 of the Counterclaim, O&M denies that efforts undertaken by WestRidge as described therein were occasioned by any action or inaction on the part of O&M. O&M lacks knowledge and information sufficient to form a belief as to the remaining allegations set forth in said Paragraph.

82. As Paragraph 82 of the Counterclaim purports to describe the content of written correspondence that speaks for itself, no response is required of O&M.

83. As Paragraph 83 of the Counterclaim purports to describe the content of written correspondence that speaks for itself, no response is required of O&M.

84. In Response to Paragraph 84 of the Counterclaim, O&M admits that it sent a Default Notice to WestRidge dated September 18, 2023. As the remaining allegations of said Paragraph purport to describe the content of said Default Notice, which is a written document that speaks for itself, no response thereto is required of O&M.

85.     As the allegations contained in Paragraph 85 of the Counterclaim purport to describe the content of a written document that speaks for itself, no response thereto is required of O&M.

86.     As the allegations contained in Paragraph 86 of the Counterclaim purport to describe the content of a written document that speaks for itself, no response is required of O&M.

87.     As the allegations contained in Paragraph 87 of the Counterclaim purport to describe the content of a written document that speaks for itself, no response is required of O&M.

88.     As the allegations contained in Paragraph 88 of the Counterclaim purport to describe the content of a written document that speaks for itself, no response is required of O&M.

89.     As the allegations contained in Paragraph 89 of the Counterclaim purport to describe the content of a written document that speaks for itself, no response is required of O&M.

90.     As the allegations contained in Paragraph 90 of the Counterclaim purport to describe the content of a written document that speaks for itself, no response is required of O&M.

91.     Deny.

92.     Deny.

93.     Deny.

94.     Deny.

95.     Deny.

96.     Deny.

97.     Deny.

98.     In response to Paragraph 98 of the Counterclaim, O&M admits that WestRidge expended costs in order to perform its Lease obligations, but lacks knowledge and information regarding the amount of such costs.

99. In Response to Paragraph 99 of the Counterclaim, O&M incorporates, as if restated verbatim herein, its responses contained in the preceding Paragraphs.

100. As the allegations contained in Paragraph 100 of the Counterclaim purport to describe the content of a written document that speaks for itself, no response is required of O&M.

101. As the allegations contained in Paragraph 101 of the Counterclaim purport to describe the contents of a written document that speaks for itself, no response is required of O&M.

102. Deny.

103. Deny.

104. Deny.

105. Deny.

106. In Response to Paragraph 106 of the Counterclaim, O&M incorporates, as if restated verbatim herein, its responses contained in the preceding Paragraphs.

107. In response to Paragraph 107 of the Counterclaim, O&M admits that it executed a Lease with WestRidge. As the remaining allegations contained in said Paragraph merely purport to describe the content of said Lease, which is a written document that speaks for itself, no response is required of O&M.

108. As the allegations contained in Paragraph 108 of the Counterclaim purport to describe the content of a written document that speaks for itself, no response is required of O&M.

109. Deny.

110. Deny.

111. Deny.

112. Deny.

113. Deny.

114.    Deny.

115.    In response to Paragraph 115 of the Counterclaim O&M restates, as if set forth verbatim herein, its responses contained in the preceding Paragraphs.

116.    O&M admits that it executed a Lease with WestRidge. As the remaining allegations contained in Paragraph 116 of the Counterclaim purport to describe the contents of said Lease, which is a written document that speaks for itself, no response is required of O&M.

117.    Deny.

118.    Deny.

119.    As Paragraph 119 of the Counterclaim describes a written communication that speaks for itself, no response if required of O&M.

120.    Deny.

121.    Deny.

**AFFIRMATIVE DEFENSES**

**First Defense**

The Counterclaim fails to state a claim upon which relief may be granted and therefore it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Second Defense**

WestRidge's claims are barred because it repudiated the contract that is the subject matter of this litigation.

**Third Defense**

The injuries and damages alleged by WestRidge, if any, are the result of its own actions and/or omissions and/or the acts and/or omissions of individuals or entities other than O&M.

### Fourth Defense

WestRidge's claims are barred by its failure to mitigate damages, if any.

### Fifth Defense

WestRidge's claims are barred by its breach of the contract that is the subject matter of this litigation.

### Sixth Defense

WestRidge's claims are barred by its breach of the duty of good faith and fair dealing.

### Seventh Defense

O&M at all times met its obligations under the contract that is the subject of this litigation and at all times acted in good faith.

### Eighth Defense

O&M asserts the defense of setoff as to the amount of damages, if any, incurred by WestRidge.

### Ninth Defense

To the extent any of the following affirmative defenses are applicable based upon the evidence discovered in this matter, O&M invokes the following defenses: accord and satisfaction, assumption of the risk, waiver, estoppel, unclean hands, failure of consideration, fraud, illegality, laches, payment, release, statute of frauds, expiration of the statute of limitations, sophisticated user, and any other matter constituting an avoidance or affirmative defense.

### Tenth Defense

O&M hereby raises and preserves each and every defense set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure, and further reserves the right to raise such additional

defenses, as well as amendment of its Complaint, as may appear appropriate following further discovery and factual development in this case.

## **GENERAL DENIAL**

O&M denies any and all statements and allegations contained in the Counterclaim, including any that may appear in the headings and subheadings, demand and/or prayer for relief, that are not specifically admitted above on grounds that: (1) Such statements and allegations are untrue and therefore, must be denied; (2) Such statements and allegations consist of misstatements of fact or law; (3) O&M is without knowledge or information sufficient to form a belief as to the truth of the statements and allegations; and/or (4) any other matter which constitutes a defense or avoidance.

Respectfully submitted,
SPILMAN THOMAS & BATTLE, PLLC

_/s/ Michael S. Garrison_____
Michael S. Garrison (WVSB #7161)
Kelly J. Kimble (WVSB#7184)
48 Donley Street, Suite 800 (Zip 26501)
P.O. Box 615
Morgantown, West Virginia 26507
Telephone:     304-291-7920
Facsimile:     304-291-7979
mgarrison@spilmanlaw.com
*Counsel for Owens & Minor Distribution, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**OWENS & MINOR DISTRIBUTION, INC.**

      **Plaintiff,**

**v.**                                  **Civil Action No.  1:23-CV-00109**
                                                **Chief Judge Kleeh**

**WESTRIDGE COMMERCE CENTRE
DEVELOPMENT 2E, LLC,**

      **Defendant.**

## CERTIFICATE OF SERVICE

      I, Michael S. Garrison, hereby certify that on this 25th day of April 2024, I served the

foregoing "Plaintiff's Answer and Affirmative Defenses to Defendant's Counterclaims" via the

Court's electronic filing system upon the following counsel of record:

**Kathleen Jones Goldman**
**Jordan M. Webster**
**Stanley J. Parker**
**AshLeigh Diaz**
BUCHANAN INGERSOLL & ROONEY LLP
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
Phone: (412) 562-8800
Fax: (412) 562-1041
kathleen.goldman@bipc.com
jordan.webster@bipc.com
stanley.parker@bipc.com
ashleigh.diaz@bipc.com

**Jamison H. Cooper**
**Daniel C. Cooper**
COOPER LAW OFFICES PLLC
240 West Main Street
Bridgeport, WV 26330
Phone: (304) 842-0505
Fax: (304) 842-0544
jami.cooper@cooperlawwv.com
dan.cooper@cooperlawwv.com